SOUTHWESTERN GREYHOUND LINES, INC. *v.* WISDOM.

4-4325

Opinion delivered June 29, 1936.

904

*Buzbee, Harrison, Buzbee & Wright,* for appellant.
*Tom W. Campbell,* for appellees.

HUMPHREYS, J. This is an appeal from judgments in favor of appellee, Mrs. W. J. Wisdom, for $2,000, and in favor of appellee, W. J. Wisdom, for $412.20 for damages sustained by appellees on account of a breach of a contract by appellant to transport Mrs. W. J. Wisdom on a bus line from Memphis, Tennessee, to Little Rock, Arkansas, over a smooth or hard-surfaced road on a schedule leaving Memphis at 7:45 p. m., and arriving in Little Rock at 11:59 p. m.

The alleged breach of the contract consisted in rerouting her at Memphis on her through ticket from Lawrenceburg, Tennessee, by way of Nashville and Memphis to Little Rock, which route was over a smooth or hard-surfaced highway and on a schedule leaving Memphis at 7:45 p. m., and arriving at Little Rock at 11:59 p. m., around by Stuttgart and Pine Bluff over a rough gravel road and on a schedule leaving Memphis about midnight and arriving in Little Rock at 8 o'clock the next morning.

Appellant contends the judgment should be reversed because it did not make a contract to transport Mrs. W. J. Wisdom from Memphis to Little Rock over a smooth or hard-surfaced road on a schedule leaving Memphis at 7:45 p. m., to arrive in Little Rock at 11:59 p. m. The evidence is in sharp conflict in this particular, the agent who sold the ticket swearing he made no such contract, and W. J. Wisdom, who purchased the ticket, swearing that such a contract was entered into. Appellant argues that the written itinerary containing the schedule showing the time of departure of the bus from Memphis and the arrival thereof in Little Rock was no part of the contract. This itinerary containing said schedule was

wrapped around the ticket when it was delivered by the agent to the purchaser and provided that Mrs. W. J. Wisdom might leave Memphis at 7:45 p. m., and arrive in Little Rock at 11:59 p. m. W. J. Wisdom testified that he had informed the agent before buying the ticket that his wife was in Lawrenceburg, Tennessee, and he wanted a routing for her to come home to make it as convenient as possible; that she had been sick and was getting along all right and that he did not want anything to happen that would set her back; that he wanted her to return on a paved highway so that she would not be jarred or jolted; that the agent said he could sell him a ticket and routing that would not inconvenience his wife; that all she had to do was to get on the bus.

The evidence is ample to sustain the finding of the jury that appellant entered into a contract to transport Mrs. W. J. Wisdom from Memphis on a bus operated on a smooth or hard-surfaced road on a schedule leaving Memphis at 7:45 p. m., and arriving in Little Rock at 11:59 p. m. Appellant argues, however, that it was not liable for breach of the contract because it had no bus leaving Memphis at 7:45 p. m. over a smooth or hard-surfaced highway and no transportation agreement with other bus lines operating such a bus. In other words, that its agent made a mistake in making a contract it was not in a position to carry out. The agent was acting within the apparent scope of his authority, and his mistake did not relieve appellant of liability for damages resulting on account of the mistake of its agent.

Appellant also argues that it is exempt from liability because it reserved the right in the itinerary furnished appellees to change its schedule without notice to the purchaser or user of the ticket. There is no merit in this argument for, in the instant case, there had been no change in schedule from the time the contract was made and the ticket was offered for passage.

Appellant also argues that both judgments must be reversed because the judgment in favor of W. J. Wisdom, as to a breach of the contract, is wholly dependent upon the testimony of his wife and that the judgment in favor of her was dependent on his, the husband's tes-

timony, as to the contract entered into. In support of this argument, they cite § 4146 of Crawford & Moses' Digest, which is, in part, as follows:

"All persons except those enumerated herein shall be competent to testify in a civil action. The following persons shall be incompetent to testify:

"* * *

"Third. Husband and wife, for or against each other, or concerning any communication made by one to the other during the marriage, whether called as a witness while that relation subsists or afterward, but either shall be allowed to testify for the other in regard to any business transacted by the one for the other in the capacity of agent."

It is true that the breach of the contract was proved by the testimony of Mrs. W. J. Wisdom and that the recovery of W. J. Wisdom was and is dependent wholly on her testimony. She was in no sense the agent of her husband, and her testimony in support of his judgment must be regarded as incompetent. Without her testimony, his judgment is not supported by sufficient substantial testimony, and must be reversed. While she was not his agent, he was her agent in making the contract for her transportation from Lawrenceburg, Tennessee, to Little Rock, and in that capacity was not precluded from testifying relative to the contract in her behalf. Mrs. W. J. Wisdom wrote her husband she was ready to come home and wanted him to make provision for her to come. Instead of sending the money to her for her to buy a ticket, he purchased the ticket in Little Rock from appellant's agent for her, and was particular to procure a routing and schedule which would make it convenient, safe, and comfortable for her in traveling. He was acting in her behalf and made the contract for her benefit, and was her agent within the meaning of said section of the statute. His testimony as to the contract was admissible in her behalf.

The contract for transportation having been sustained, its breach is reflected by the undisputed testimony. When Mrs. Wisdom reached Memphis enroute to Little Rock, she was told by the bus driver she must

have the ticket agent O. K. her ticket. She got out of the bus and went to the depot for this purpose. She handed the agent her ticket, which he kept and issued her another one to Little Rock by way of Brinkley, Stuttgart, and Pine Bluff, and told her she could not leave until midnight. This rerouting was a breach of the contract.

The only remaining question raised by appellant is that her judgment is excessive. Appellant contends that she was only entitled in case of breach of the contract to an amount necessary to purchase a ticket from Memphis to Little Rock. This she could not do because she had only 70 cents in money. It is also not true because her husband notified appellant's agent when he bought the ticket and made the contract that she was ill, and, if she traveled on a rough road and was subjected to undue jolting, it would bring about a recurrence of her trouble or illness. In case of breach, this entitled her to any special damages which the breach of the contract subjected her to. She testified that she protested when the agent took up her ticket rerouting her by Brinkley, Stuttgart, and Pine Bluff, but that he told her she would have to accept the new ticket and leave Memphis about midnight. She could not go to the hotel because she did not have the means to do so and remained in the depot until midnight. She had written her husband to meet her at 11:59 p. m. and was very much worried on account of the delay and being rerouted around by Brinkley, Stuttgart, and Pine Bluff over a rough gravel road. It was a rough ride for her, and she was up all night, being unable to sleep, and did not arrive in Pine Bluff until daylight and in Little Rock until 8 o'clock the next morning. She testified that she was a wreck when she reached Pine Bluff, that the rough night ride caused her a return of her illness, from which she had practically recovered before she went to visit her relatives in Tennessee with permission of Dr. Shipp on condition she would travel in the bus on smooth hard-surfaced highways. Her illness was due to hemorrhage of the uterus. The return of this trouble, caused by the rough night ride from Memphis by way of Brinkley, Stuttgart, and Pine Bluff,

had to be treated with radium in order to stop the flow of the blood and prevent hemorrhages. This necessary treatment caused her uterus to atrophy and caused her vaginal tract to contract until it was two-thirds less in depth than it was in the first place and to become very much narrower, but that in order to keep the vaginal tract from closing entirely, it is necessary at intervals to dilate or stretch it. Each time the dilation is done, it produces bleeding and very much pain. Her physician testified that the recurrence of the hemorrhage and displacement of the uterus again was due, in his opinion, to the vibration and loss of sleep in riding over the rough road by way of Brinkley, Stuttgart, and Pine Bluff. He also testified that the permanency of the condition would remain, and, perhaps, grow worse. We do not think $2,000 is excessive when the special damages she sustained is taken into consideration.

The judgment in her favor is affirmed, and the judgment in favor of W. J. Wisdom is reversed, and his complaint is dismissed.